# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

UNITED STATES OF AMERICA,

                Petitioner,

-vs-                             Case No.  2:06-cv-194-FtM-29DNF

WILLIAM L. MOESHLIN and PATRICIA
S. MOESHLIN,

                Respondents.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

> **MOTION:**    **MOTION TO DISMISS (Doc. No. 10)**
>
> **FILED:**      **April 10, 2006**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** as to years 1996 and 1997, and **DENIED** as to the years 1992, 1993, 1994, and 1995.

    This action is before the Court for judicial enforcement of an Internal Revenue Service ("IRS") summons pursuant to 28 U.S.C. §§7402(b) and 7604(a) on the Petition to Enforce Internal Revenue Summons (Doc. 1) filed by the United States on February 9, 2006.  This matter was referred to this Court pursuant to Local Rule 6.01(c)(11), and by Order (Doc. 24) entered June 12, 2006.

## I. Background

The Petition is to enforce an IRS summons against the Respondent, William L. Moeshlin ("Moeshlin").   The IRS is bringing a collection action against Moeshlin for the tax years 1992, 1993, 1994, and 1995, 1996[1] and 1997.  The Summons requests documents from January 1, 2004 until present.  The Petition alleges that a Summons was issued on February 1, 2005 directing Moeshlin to appear on February 23, 2005, to give testimony and produce documents for examination.  Moeshlin did not appear on February 23, 2005.  On March 28, 2005, a letter was sent to Moeshlin allowing him another opportunity to appear to provide testimony and produce documents which was scheduled on April 13, 2005, and again Moeshlin failed to appear. An Order to Show Cause (Doc. 5) was issued by the Court on February 13, 2006.  On April 5, 2006, Moeshlin appeared before a revenue officer.  (See, Doc. 12, Exhibit 2 a transcript of that meeting).

The Respondent, William Moeshlin filed a Response (Doc. 9) to the Order to Show Cause and also a Motion to Dismiss (Doc. 10) on April 10, 2006.  In his Motion to Dismiss, Moeshlin moves to dismiss the action arguing that he had fully complied with the Internal Revenue Service Summons.  A hearing was held on April 26, 2006, and at that hearing, Moeshlin argued that on April 5, 2006,  he responded to the questions asked by the Internal Revenue Service Officer and  properly asserted his Fifth Amendment privilege against self-incrimination.

At the hearing on April 26, 2006, the Government agreed that the Petition to Enforce Internal Revenue Service Summons (Doc. 1) be dismissed as to the years 1996 and 1997 in that Moeshlin complied with the Summons for those years. (See, Doc. 19, p. 7).  Therefore, the Court recommends

_____

[1] This collection for the years 1996 and 1997 is for a joint federal income tax return with Patricia S. Moeshlin.

that the Motion to Dismiss be granted for the years 1996 and 1997. The Government asserts that Moeshlin has not satisfied his tax liabilities for the years 1992, 1993, 1994, and 1995, and has not complied with the Summons regarding testimony and document production to facilitate the IRS's collection action.

The Court required the United States to file a brief on the issue of the applicability of the Fifth Amendment in this case. The United States filed its Memorandum of Law Concerning the Fifth Amendment Privilege (Doc. 18), and Moeshlin filed his Reply Brief (Doc. 22). A second hearing was held on September 14, 2006, on the issue of the Fifth Amendment privilege.

## II. Jurisdiction and Standards

Courts have jurisdiction to issue appropriate process for the enforcement of Internal Revenue Service ("IRS") summons pursuant to 26 U.S.C. §§7402(b) and 7604(a). The IRS need not meet a probable cause standard to obtain enforcement of its summons. *United States v. Powell*, 379 U.S. 48, 57-8 (1964). To obtain judicial enforcement of a summons, the IRS must show the following:

> that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.

*United States v. Powell*, 379 U.S. at 57-8, *see also United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1993). The Government's burden is minimal and may be met by providing a sworn affidavit of the agent who issued the summons and who attests to the facts. *United States v. Medlin*, 986 F.2d at 466. The burden then shifts to "'the party contesting the summons to disprove one of the four elements of the government's *prima facie* case or convince the court that enforcement of the summons would constitute an abuse of the court's process.'" *Id.* at 466-7, (quoting *La Mura v. United States,,*

765 F.2d 974, 979-80 (11th Cir. 1985)).  The burden on the party contesting the summons is a heavy

one and requires allegations of specific facts and the introduction of evidence.  *United States v.*

*Leventhal*, 961 F.2d 936, 939 (11th Cir. 1992).  In the instant case, Moeshlin asserts that the

enforcement of the summons would be an abuse of the court's process because 1) the summons is

overly broad; and 2) forcing him to comply with the summons would violate his Fifth Amendment

privilege against self-incrimination.

### III. Discussion

### A. Summons Overly Broad

An IRS summons is overly broad if it fails to inform the summoned party of what is required

of him with sufficient particularity to permit him to respond to the summons.  *United States v. Medlin*,

986 F.2d at 467, (quoting *United States v. Wyatt*, 637 F.2d 293, 302 n. 16 (5th Cir. 1981)).  In the

instant case, the Summons which is IRS form 2039 requests the following documents:

> all bank statements, checkbooks, canceled checks, savings account passbooks, and
> records of certificates of deposit, for January 1, 2004 to the date of full compliance
> with this summons., regarding accounts or assets held in the name of the taxpayer(s)
> or held for the benefit of the taxpayer(s); all records or documents regarding stocks and
> bonds, deeds or contracts regarding real property, current registration certificates for
> motor vehicles, and life or health insurance policies currently in force, any of which
> items are owned, wholly or partially, by the taxpayer(s), or in which the taxpayer(s)
> have a security interest, or held for the benefit of either or both of the taxpayer(s) so
> that a current Collection Information Statement may be prepared.

Moeshlin argues that the Summons is not limited to the two bank accounts of First Banc Capital, LLC

and Landmark Trust that the IRS is pursuing.  The summons specifies the type of documents to be

produced and limits the time period of production from January 1, 2004 to present.  The Summons

provides sufficient information so that Moeshlin "is not required to blindly guess at what he must

produce." *United States v. Medlin*, 986 F.2d at 467. There is no need for the Summons to specify

which particular bank accounts are subject to it, rather, all documents concerning accounts regarding Moeshlin's assets from January 1, 2004 to present are subject to the subpoena. The language of the Summons is specific enough for the Court to be able to determine that Moeshlin has not complied with the Summons.

Moeshlin has failed to show specific facts or produce any evidence that the four elements of *Powell*, *supra*, have not been met, specifically, Moeshlin has failed to show that the investigation is not for a legitimate purpose, that the requested documents are not relevant, that the information sought is in the possession of the IRS already, or that the IRS failed to take the required administrative steps. The Court determines that the Summons is not overly broad.

### B. Fifth Amendment Privilege

Moeshlin argues that in deciding which documents to produce and producing them, his actions would constitute a testimonial act and he would be personally incriminating himself which would violate his Fifth Amendment privilege against compelled self-incrimination. The Government argues that the Fifth Amendment does not protect Moeshlin in this case from having to comply with the collection Summons.

The Fifth Amendment protects a person who asserts the privilege from compelled self-incrimination. *United States v. Doe*, 465 U.S. 605, 610 (1984). If the records are prepared voluntarily then there is no compulsion. *Id*. Generally, the Fifth Amendment is not violated by the production of documents alone even if on their face, the documents might incriminate a taxpayer because "'the privilege only protects a person against being incriminated by his own compelled testimonial communications'." *Id*., citing *Fisher v. United* States, 425 U.S. 391 (1976). Even though the contents

of the documents may not be privileged, the production of the documents may be. *United States v. Doe*, 465 U.S. at 612. "A government subpoena compels the holder of the document to perform an act that may have testimonial aspects and an incriminating effect. As we noted in *Fisher*: 'Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer. It also would indicate the taxpayer's belief that the papers are those described in the subpoena.'" *Id.* at 612-613, citing *Fisher*, 425 U.S. at 410. The resolution of whether the production of documents has testimonial aspects and an incriminating effect must be determined on the facts and circumstances of a particular case. *Id.* at 613. A Fifth Amendment Privilege may be asserted in any civil or criminal, administrative or judicial, investigatory or adjudicatory proceeding. *U.S. v. Argomaniz*, 925 F.2d 1349, 1352-1353 (11th Cir. 1991).

A taxpayer who asserts the privilege must show more "'than mere speculative, generalized allegation of possible tax-related prosecution . . . [T]he taxpayer must be faced with substantial and real hazards of self-incrimination.'" *U.S. v. Argomaniz*, 925 F.2d at 1353, citing *United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir. 1985). The taxpayer must be facing the real hazard of criminal liability. *Id.* If compliance with the subpoena would cause the taxpayer to incriminate himself, then if so, the privilege is properly invoked. *Id.* There can be a fear of criminal prosecution even though the subpoena was issued in a civil case with the IRS. *Id.*

Moeshlin has the burden to show that he is faced with a real hazard that he will be prosecuted criminally. Moeshlin argued to the Court that if he admits to ownership of documents or produces documents, that he is in fear of prosecution. At the hearing on August 31, 2006,[2] Assistant United

---

[2] The entire transcript of the hearing is filed under seal, however, the Court is referring to the portion of the transcript prior to Moeshlin requesting that his ex-parte portion of the hearing be sealed.

States Attorney John F. Rudy, III stated that there is no present criminal investigation of Moeshlin, and the Government is not seeking a criminal investigation.  Moeshlin has failed to show that he is facing a real hazard of criminal prosecution if he admits to ownership of documents or produces documents in compliance with the Summons.

The Government also argues that Moeshlin's  Fifth Amendment privilege does not apply to documents concerning two accounts, specifically First Banc Capital, LLC and Americapital Mortgage of Southwest Florida Branch 512.  "When the 'existence and location' of the documents under subpoena are a 'foregone conclusion' and the witness 'adds little or nothing to the sum total of the government's information by conceding that he in fact has the [documents], then no Fifth Amendment right is touched because the 'question is not of testimony but of surrender.'" *In re Grand Jury Subpoena, Dated April 18, 2003*, 383 F.3d 905, 910 (9th Cir. 2004), citing *Fisher*, 425 U.S. at 411. The Government bears the burden of proof that it possessed this knowledge before it issued the subpoena.  *Id*.

In the instant case, the summons for Moeshlin's records was served on February 1, 2005.  Prior to Moeshlin producing any of the records, the IRS obtained two canceled checks signed by Moeshlin written on the accounts of First Banc Capital, LLC and Americapital Mortgage of Southwest Florida Branch 512.  (See, Exh. to Doc. 18).  The First Banc Capital, LLC check was deposited into an account at Washington Mutual, Florida and was made payable to Patricia Salas (who appears to be the wife of Moeshlin).  The Americapital Mortgage of Southwest Florida Branch 512 check was deposited at the Bank of America, and made payable to Landmark Services.  (See, Exh. to Doc. 18).

The Government argues that the existence and location of these accounts was known to the Government prior to Moeshlin responding to the Summons, and the existence of these accounts is a

foregone conclusion. Therefore, Moeshlin would add little or nothing to the Government's information concerning the existence and location of these accounts, and the fact that he possesses documents concerning these accounts is more a question of surrender than of testimony. The Court determines that the Government discovered the First Banc Capital, LLC and Americapital Mortgage of Southwest Florida Branch 512 by its own investigation and not due to any disclosure by Moeshlin. Therefore, the Court determines that Moeshlin has not properly invoked his Fifth Amendment privilege against self-incrimination as to the production of documents that relate to First Banc Capital, LLC and Americapital Mortgage of Southwest Florida Branch 512. Mr. Moeshlin did bring a few documents with him to the hearing concerning the First Banc Capital LLC account, and it is recommended that these documents be unsealed and a copy of these documents be provided to the Government.

## IV.  Conclusion

The Court determines that the Summons issued in this case is not overly broad. Further, the Court determines that the Fifth Amendment privilege against self-incrimination does not apply to Moeshlin admitting to ownership of documents or production of documents in response to the Summons.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Petition to Enforce Internal Revenue Service Summons (Doc. 1) be granted with the exception of the years 1996 and 1997.

2) The Motion to Dismiss (Doc. 10) be granted as to the years 1996 and 1997, and the Petition to Enforce Internal Revenue Service Summons be dismissed for the years 1996 and 1997; and the Motion to Dismiss (Doc. 10) be denied as to the years 1992, 1993, 1994, and 1995.

3) That the documents produced under seal be unsealed and a copy provided to the Government.

4) That William Moeshlin be granted thirty (30) days to appear before a Revenue Officer, or any other designated officer of the Internal Revenue Service and give testimony and produce for examination and copying all documents in his possession that are responsive to the Summons issued on February 1, 2005, including but not limited to testimony and documents relating to First Banc Capital, LLC and Americapital Mortgage of Southwest Florida Branch 512 accounts.

5) If William Moeshlin fails to appear and give testimony or fails to produce the documents within that thirty (30) day period, then  upon Motion by the United States, an order be entered requiring William Moeshlin to appear before a district judge upon a day certain to show cause why he should not be adjudged in contempt of court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this   19th    day of January, 2007.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record